## METROPOLITAN GREENHOUSE MANUFACTURING CORPORATION
### vs.
### JOSEPH CHESMAN, ET AL.

Superior Court       New Haven County       File #49359

Presesnt:  Hon. ARTHUR F. ELLS, Judge.

Clark, Hall & Peck;
F. R. Goldman,                    Attorneys for the Plaintiff.

Samuel H. Platcow,                Attorney for the Defendants.

## MEMORANDUM FILED JUNE 11, 1936.

ELLS, J.   This case presents interesting problems concern-ing the law of fixtures.

The plaintiff sold the defendant Chesman a large commer-cial greenhouse and a heating and water system and erected them upon his premises.   Chesman made a substantial cash payment of $2100. and executed at the plaintiff's request and demand a conditional bill of sale, and a second mortgage.   The defendant Schwedler is the owner of the first mortgage, and knew the greenhouse was being erected but was not in any manner a party to the transaction, and knew nothing of the financial arrangements.

Chesman defaulted in his further payments and the plain-tiff desires to enter the premises, take down the greenhouse and its intricate heat and water service and remove them from the premises.   The mortgagee objects.

We have a statute, **Section 4699**, which provides "All con-ditional sales of personal property, which, at the time of such sale or thereafter, shall be so attached to any real estate as to appear to be a fixture, or to form a part of such real estate shall be held to be absolute sales, except as between the vendor and vendee".

One look at the premises must convince anyone that this greenhouse "appears to be a fixture", and appears "to form a part of such real estate".

But the right of the parties come into even bolder relief, in the clear light of our common law.   The greenhouse not only appears to be but actually is a fixture and quite plainly is a part of the real estate.   It is as permanent and unremov-able as a dwelling house or a barn, and, even more important under the modern theory of law as to fixtures is as clearly intended to be just as much a part of the freehold as they are. And going back to the earlier legal tests as to damage to the structure itself, and injury to the real estate, it is clear that removal would produce serious results.   Examining the injury to the mortgagee's premises as being the better test of the effect of the mortgagee's rights, we find that dismantling of the greenhouse itself would leave sixty-three holes in the ground two and one-half to three and one-half feet deep, and a general and serious messing up of the premises in other re-

spects. But the damage done to the dwelling house, which is the mortgagee's principal security, is the most serious element of all. The heating system for the greenhouse installed by the plaintiff and covered by the conditional bill of sale, is also the heating system for the Chesman house and is built into the cellar and into the house. The removal would very materially damage the house, and particularly would deprive the house of the principal heating system. It is settled law that such a heating system is a permanent part of the building and became a part of the mortgagee's security. It further appears that removal of the heat and water pipes running from the cellar of the house to the greenhouse, a long distance, and below grade, would substantially injure both the house and the land.

It follows that this plaintiff must resort to its mortgage and not to the conditional bill of sale. Apparently the value of the property is considerably greater than the two mortgages.

Judgment is rendered for the defendant Schwedler declaring the greenhouse and the heating and water systems to be fixtures and a part of the realty, and that as such they are subject to the first mortgage held and owned by the defendant Schwedler. Plaintiff's claim for immediate possession and an injunction are denied.